IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| THEODORE THOMAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:13CV116 |
| v. | § | |
| | § | |
| | § | |
| NACOGDOCHES POLICE DEPT. *et al*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Theodore Thomas filed suit *pro se* against Nacogdoches Police Department *et al*, alleging that his wife hit him on multiple occasions and married him for the purpose of obtaining citizenship. Plaintiff also alleged that he has sought to pursue assault charges against his wife multiple times, but the police officers do not believe him, and that he was arrested on a family violence charge based upon false statements from his wife. He alleges that he has been harmed by his wife's lies and the police department has not taken action against her for assaulting him.

The case was originally referred to United States Magistrate Judge Judith K. Guthrie for determination of non-dispositive pretrial matters pursuant to 28 U.S.C. § 636. This case was subsequently consolidated with Civil Action Nos. 9:13-cv-127, 9:13-cv-128, and 9:13-cv-129. Civil Action 9:13-cv-117 is related to, but not consolidated with, the instant case.[1] Upon Judge Guthrie's

---

[1] Essentially, 9:13-cv-117 seems to deal with claims arising from Plaintiff's arrest for assault in February 2013 and for leaving the scene of an accident in March 2013, while 9:13-cv-116 seems to deal with claims arising from Plaintiff's arrest for assault in December 2012. The objections, at least, are structured as if that is the case.

1

retirement in August 2013, the case was reassigned to United States Magistrate Judge Keith. F. Giblin.

Judge Guthrie entered an order on June 24, 2013, stating that Plaintiff's Complaint failed to state a ground upon which relief could be granted and giving him 30 days to amend his Complaint or the case would be dismissed. Doc. # 8. After Plaintiff failed to do so, Judge Guthrie entered a Report and Recommendation on July 29, 2013, recommending that the case be dismissed without prejudice for failure to prosecute. Doc. # 10.

Plaintiff filed an objection on August 19, 2013. Doc. # 12. This document, despite Judge Guthrie's earlier order, is not styled as an Amended Complaint, but does purport to add additional facts that attempt to plead a claim upon which relief may be granted.

Unfortunately for Plaintiff, his objection fails to cure the problems Judge Guthrie discussed in her June 24 Order. Read generously, Plaintiff's objection states that he is asserting claims under 42 U.S.C. § 1983 against the City of Nacogdoches and/or the Nacogdoches Police Department and certain officers for malicious prosecution, false arrest, and failure to adequately investigate his wife's December 2012 claim of assault against him. Plaintiff was arrested as a result of the assault charge.

As previously noted by Judge Guthrie, a plaintiff may not seek relief pursuant to 42 U.S.C. § 1983 concerning the circumstances surrounding an arrest or conviction which, if successful, would render an arrest, conviction or sentence invalid unless the conviction or sentence at issue has been reversed, expunged, invalidated or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364 (1994). Plaintiff's objection still fails to allege any facts showing that his arrest, conviction and/or sentence has been reversed, expunged, invalidated or otherwise called into question.

Given this, the court will overrule Plaintiff's objection to the Report and Recommendation and dismiss the case.

IT IS THEREFORE ORDERED that Plaintiff Theodore Thomas's claims against Nacogdoches Police Department *et al* are DISMISSED WITHOUT PREJUDICE.

So **ORDERED** and **SIGNED** this **26** day of **September, 2013.**

_____
Ron Clark, United States District Judge